UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                Plaintiff,

-against-

WARDEN RENZE, G.R.V.C.,

                Defendant.

22-CV-7274 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this *pro se* action seeking damages for his pretrial detention in the custody of the New York City Department of Correction (DOC). By order dated January 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Nigel Fredricks brings this action against the person who was Warden of the George R. Vierno Center (GRVC) during his pretrial detention, whom he identifies as Warden Renze. Plaintiff asserts that Defendant should be held responsible for what he claims was unlawful pretrial detention and he seeks compensatory damages.

The following information is a taken from the complaint, which is often disjointed and confusing. In 2021, while detained at GRVC on Rikers Island, Plaintiff filed a petition for a writ

2

of *habeas corpus* against Defendant "under docket # 21-CV-3690" in the Supreme Court of the State of New York, New York County.² Prior to this filing, "nothing was ever taking care of accordingly by [Plaintiff] complaining of [his] unlawfully incarcerated detainee status." (ECF 2 ¶ 2.)³ Plaintiff has not "obtain a decision from the warden of a hearing even doe everyone such as the court 'supposedly' claim it was done without [his] consent when [he] ask to be present." (*Id*. ¶ 5.) Plaintiff is holding Warden Renze "accountable for [his] freedom of immediately release for not taking the proper procedures of replying to [his] petitioner of habeas corpus." (*Id*. ¶ 6.) Plaintiff further refers to filing an appeal of the case under docket number "22-CV-3690" to the Second Circuit,⁴ and to exhausting remedies in two other cases that he had filed, Nos. "22-CV-8586" and 22-CV-3968.⁵

Plaintiff then appears to reiterate grounds for relief that he seems to have presented in his prior *habeas corpus* petitions. He asserts the following:

> based upon my petitioner of habeas corpus subject matter jurisdiction breaking down my wrongful incarceration as a deterence step by step explaining my re-arrest charge without a parole violation. When I been revoke and restore on my original charge that has been dismissed.

---

² The case number Plaintiff references is actually a *habeas* action that he filed in this court rather than the state court. *See Fredricks v. Hallett*, No. 21-CV-3690 (LTS) (S.D.N.Y. July 26, 2021).

³ The Court quotes from the complaint verbatim. All grammar, spelling and punctuation are as in the original unless indicated otherwise.

⁴ This appears to be another reference to *Fredricks*, No. 21-CV-3690 (LTS), which Plaintiff did not appeal to the Second Circuit.

⁵ Plaintiff is referring to two actions before this court: *Fredricks v. V.C.B.C.*, No. 21-CV-8586 (LTS) (S.D.N.Y. Mar. 22, 2022 ), a *habeas* petition in which he challenged his criminal proceeding before judgment was entered; and *Fredricks v. Warden, Auburn C.F.*, No. 22-CV-3928 (LTS) (S.D.N.Y. Sept. 20, 2022) a *habeas* petition in which he challenged his 2022 conviction.

3

(*Id.* ¶ 8.) Plaintiff makes references to due process violations and poses two questions, (1) that "a defendant cannot [be] held accountable for a violation of breaking any law pertaining to your freedom unless you are past your max out date being sentenced correct[?]," and (2) "how would the law ever know in the starting stage without a full discovery as doing a detainee unless that detainee pin point errors out to the judge of a unlawful incarceration right?" (*Id.* ¶¶ 11-12.) Plaintiff continues with these statements:

> well I come here today explaining what's a violation to due process on my behalf and what I find out without protocol of the proper steps of exhaustion follow by the warden of Rikers Island Mr. Renze decision who would ever know what we next up against to sustain grounds for their side of the story on file.
>
> since it only been my words on record of the story and everyone was aware but became speechless during the process is a automatically constitutional violation to my freedom for the simple fact no one cannot claim they had any knowledge to my freedom and no disrespect slavery is over.

(*Id.* ¶¶ 13-14.)

Plaintiff asserts that he is suing Warden Renze "for compensatory damages for being fully aware of [his] civil right but didn't budge to correct any right from wrong left [him] three years of mental anguish[,] pain and suffering[,] [and] cruel and unusual punishment." (*Id.* ¶ 15.) Plaintiff seeks $15 million in damages.

As noted above, Plaintiff filed two *habeas* petitions in this court challenging his criminal proceeding before judgment was entered; these petitions were dismissed without prejudice. *See Fredricks v. V.C.B.C.*, No. 21-CV-8586 (LTS) (S.D.N.Y. Mar. 22, 2022) (dismissed without prejudice for failure to file a second amended petition as directed); *Fredricks v. Hallett*, No. 21-CV-3690 (LTS) (S.D.N.Y. July 26, 2021) (dismissing amended petition for a writ of *habeas corpus* under 28 U.S. § 2241 on the ground that the "amended petition neither clearly articulates the grounds on which he seeks relief nor pleads facts showing that he has fully exhausted his state court remedies."). Plaintiff filed a third *habeas* petition challenging his conviction, which

4

was also dismissed without prejudice for his failure to exhaust his state court remedies.[6] *Fredricks v. Warden, Auburn C.F.*, No. 22-CV-3928 (LTS) (S.D.N.Y. Sept. 20, 2022).

## DISCUSSION

Because Plaintiff brings this action asserting that Warden Renze violated his federal rights and he seeks money damages, the complaint is construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.     Lack of Personal Involvement**

In order to show that a right was violated by a particular defendant in a Section 1983 action, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat

---

[6] According to public records of the New York State Department of Corrections and Community Supervision, Plaintiff was convicted of attempted assault in the second degree and attempted strangulation in the second degree and is serving a sentence of four to eight years' incarceration.

5

superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The Court understands that Plaintiff is contending that, in 2021, he was wrongfully incarcerated at GRVC on Rikers Island in the custody of DOC. He refers to multiple *habeas corpus* petitions he filed in this court challenging the legal basis for his detention and seeking to be released from custody. Plaintiff seeks to hold Warden Renze accountable for his detention, and seems to claim that the Warden failed to respond to his petitions and should have been aware that he was unlawfully detained. However, Plaintiff fails to allege any facts suggesting that Warden Renze was personally involved in the legal decisions that resulted in his detention. Plaintiff was detained at Rikers Island on pending state court charges, not by any action taken by Warden Renze.[7] Plaintiff has challenged the legality of his detention in multiple *habeas* petitions in this court and each of them was denied without directing Warden Renze or any other respondent to respond. The fact that Warden Renze may have been named as a respondent in Plaintiff's *habeas* petitions does not mean that he can be held liable under Section 1983 without a finding that he was personally involved in causing the harms Plaintiff allegedly suffered because he was detained.[8] Because Plaintiff fails to allege facts showing that Warden Renze was

---

[7] According to records maintained by the New York State Unified Court System, Plaintiff was detained at Rikers Island on pending criminal charges against him in the New York Supreme Court, New York County, for allegedly assaulting a correction officer on December 3, 2019. *See People v. Fredricks*, 03946-2019; *see also Fredricks*, ECF 1: 21-CV-3690, 6, at 3 (noting the state court charges on which Plaintiff was detained at Rikers Island in 2021); *Fredericks v. Doe*, ECF 1:20-CV-11043, 2, at 12 (S.D.N.Y. Mar. 4, 2021) (Plaintiff alleged in a civil rights complaint that, on December 3, 2019, while he was incarcerated in the Manhattan Detention Center on parole violation charges, he "caught a new charge" for assaulting a correction officer.).

[8] A *habeas* petition generally requires that "the person who has custody over [the petitioner]," that is, the petitioner's immediate custodian, should be named as a respondent. 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United

6

personally involved in the alleged violations, the Court dismisses Plaintiff's claims against Warden Renze for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

C.  **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

States District Courts; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (holding that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian).

7

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: February 6, 2023
 New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

8